Jo Ann LaBARGE and Brandon LaBarge, a minor By and Through his Guardian Ad Litem, Jo Ann LaBarge, Plaintiffs,

v.

COUNTY OF MARIPOSA, and Roderic B. Sinclair, Defendants and Third-Party Plaintiffs-Appellees,

v.

UNITED STATES of America, and Estate of George Patrick LaBarge, Third-Party Defendants-Appellants.

No. 85–2300.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 1986.

Decided Aug. 26, 1986.

R. Steven Lapham, Asst. U.S. Atty., U.S. Dept. of Justice, Sacramento, Cal., for U.S.

Charles K. Brunn, Phillip W. Harvey, John J. Hollenback, Jr., Brunn & Thayer, Modesto, Cal., for appellees.

Harvey G. Sherzer, Howrey & Simon, Washington, D.C., Robert D. Batson, Denver, Colo., for Amicus Johns-Manville Sales.

Before CHAMBERS, SNEED and FAR-RIS, Circuit Judges.

FARRIS, Circuit Judge:

The United States appeals from a judgment of the district court compelling contribution to the County of Mariposa for thirty percent of the tort settlement paid to the estates of three federal secret service agents who were killed when their automobile collided with a Mariposa County Sheriff's patrol car.

## I.

On March 5, 1983 a patrol car driven by Sgt. Roderick Sinclair of the Mariposa County Sheriff's Department collided with a car containing three secret service agents on a winding portion of Route 132. The agents, who were in California on special assignment to protect Queen Elizabeth of Great Britain during her visit to Yosemite National park, died instantly.

The decedents' survivors sued the County of Mariposa and Sgt. Sinclair for negligence and settled their claims for a total of $4 million. The County then commenced this third-party action against the United States. It asserted that the drivers of two federal vehicles—Agent Patrick LaBarge, in the car that was hit, and Agent Max Phillips, in the car travelling ahead of LaBarge's car—had been driving negligently at the time of the accident and thus were at least partly to blame for the resulting loss of life. Relying on a theory of *respondeat superior*, the County requested contribution from the federal government.

The third-party suit was tried before the district court. Both sides offered the testimony of percipient witnesses, as well as the expert testimony of accident reconstructionists, photogrammetrists, tire specialists, and human factors specialists. At the close of the evidence, the district court made the following factual findings: (1) the collision occurred on a blind curve; (2) at the time of the accident, Sgt. Sinclair was driving westbound at 64 mph in a 35 mph zone; (3) this speed was 6 mph below the "critical speed" for the curve (the top speed at which a westbound vehicle could negotiate the curve without losing traction or leaving its lane of travel); (3) just prior to the accident, the eastbound vehicles driven by Phillips and LaBarge were both halfway across the center dividing line into the westbound lane; and (4) the presence of the federal vehicles in the westbound lane caused Sgt. Sinclair to slam on the brakes,

precipitating the skid that ended in the collision. The district court concluded that Sinclair was 70% at fault and, accordingly, it ordered the United States to indemnify the County of Mariposa for 30% of its settlement—$1.2 million. This appeal followed. We have jurisdiction under 28 U.S.C. § 1291.

## II.

### A. *The United States' Amenability to Suit for Contribution*

■ We review de novo the district court's legal conclusions regarding the United States' amenability to a third-party suit under the Federal Tort Claims Act. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* — U.S. —, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

As a sovereign, the United States is immune from suit except to the extent that it has unequivocally consented to litigation against itself. *See United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976). The Federal Tort Claims Act, 28 U.S.C. § 1346(b), §§ 2671–2680 (1982), constitutes a limited waiver of that immunity. For the purposes of this case, the relevant portions of the Act are 28 U.S.C. §§ 1346(b) and 2674. 28 U.S.C. § 1346(b) provides in pertinent part that:

the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of

the place where the act or omission occurred.

28 U.S.C. § 2674 provides in relevant part:

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances...."

Both provisions direct the courts to analogize the government to a private actor in a similar situation and apply state law to determine amenability to suit and substantive liability.

■ The United States raises two arguments that California law bars this suit. The first is that California law does not provide for a right of contribution in this case because the original plaintiffs did not secure a joint judgment against the County and the United States. We reject the argument.

In *American Motorcycle Ass'n v. Superior Court*, 20 Cal.3d 578, 599–607, 578 P.2d 899, 146 Cal.Rptr. 182 (1978), the California Supreme Court established the common law right of a joint tortfeasor to obtain indemnification or contribution from the other tortfeasors on a comparative fault basis. The court later emphasized that such an action may be maintained regardless of whether the third-party defendant was named in the original plaintiff's complaint. *People ex rel. Department of Transportation v. Superior Court*, 26 Cal.3d 744, 748, 608 P.2d 673, 163 Cal.Rptr. 585 (1980). Even a settling joint tortfeasor may pursue his right of equitable indemnity against other joint tortfeasors. *See Sears, Roebuck & Co. v. International Harvester Co.*, 82 Cal.App.3d 492, 497, 147 Cal.Rptr. 262 (1978); *Turcon Construction, Inc. v. Norton-Villiers, Ltd.*, 139 Cal.App.3d 280, 283–84, 188 Cal. Rptr. 580 (1983).

The government's second argument is that, in this case, "a private individual under like circumstances" would be a private employer covered by California workmen's compensation law. Since such employers are immune from indemnity suits brought by third-party tortfeasors by virtue of the statute's "exclusive liability" provision, *see*

Cal.Labor Code § 3864 (Deering 1976),[1] the government concludes that it also is immune. *See In re All Maine Asbestos Litigation (PNS Cases),* 772 F.2d 1023, 1027–28 (1st Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1994, 90 L.Ed.2d 675 (1986); *General Electric Co. v. United States,* 603 F.Supp. 881, 884–87 (D.Md.1985); *Colombo v. Johns-Manville Corp.,* 601 F.Supp 1119, 1128 (E.D.Pa.1984); *In re All Asbestos Cases,* 603 F.Supp. 599, 603 n. 3 and n. 4 (D.Haw.1984).

The County presents three responses. First, it relies on the Supreme Court's decision in *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983). In *Lockheed,* the Court held that the Federal Employees Compensation Act, 5 U.S.C. 8101 et seq. (1982)—the federal equivalent of state workmen's compensation laws—does not directly bar third-party indemnity or contribution suits against the government even though it bars suits against the government by covered employees. The government's position, the County contends, would emasculate this holding: because many states' workmen's compensation laws contain exclusive liability provisions similar to California's, third-party plaintiffs would seldom be able to pursue an indemnity or contribution action against the federal employer.

*Lockheed,* however, did not confer on third-party tortfeasors substantive rights against the United States. The case held only that the FECA did not modify the Federal Tort Claims Act so as to bar directly third-party suits that the applicable state law would otherwise allow. *See* 460 U.S. at 197–99 & n. 8, 103 S.Ct. at 1038–39 & n. 8.

Second, the County contends that because the United States has not complied with the terms of California's workmen's compensation law, it is not sufficiently

"like" a covered private employer to take advantage of the exclusive liability provision of Cal.Labor Code § 3864. This argument misperceives the operation of the "like circumstances" standard prescribed in 28 U.S.C. § 2674. As the Supreme Court emphasized in *Indian Towing Co. v. United States,* 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), the statutory language refers not to private persons under "the same circumstances," but to those under *similar* circumstances. *See id.* at 64, 76 S.Ct. at 124. Because the federal government could never be exactly like a private actor, a court's job in applying the standard is to find the most reasonable analogy. In view of the fact that the FECA is comparable to state workmen's compensation laws, most courts that have considered the issue since *Lockheed* have held that—all other things being equal—the United States should be entitled to the same immunity from suit enjoyed by a private employer covered by state workmen's compensation laws. *See In re All Maine Asbestos Litigation,* 772 F.2d 1023; *General Electric,* 603 F.Supp. 881; *In re All Asbestos Cases;* 603 F.Supp. 599, 607–08; *Colombo v. Johns-Manville Corp.,* 601 F.Supp. 1119; *Giannuzzi v. Doninger Metal Products,* 585 F.Supp. 1306 (W.D.Pa.1984).

The County's third response relies on the fact that the secret service agents who were killed were nonresident employees on temporary assignment in California. The County contends that, in this case the United States is best analogized not to an employer covered by the California workmen's compensation law, but to an out-of-state employer covered by that state's workmen's compensation law. Section 3600.5(b) of the California Labor Code provides:

> Any employee who has been hired outside of this state and his employer shall be exempted from the provisions of this

---

**1.** Section 3864 of the California Labor Code provides:

> If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement

by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury.

division while such employee is temporarily within this state doing work for his employer [if] such employer has furnished workmen's compensation insurance coverage under the workmen's compensation insurance or similar laws of a state other than California, so as to cover such employee's employment while in this state.... The benefits under the Workmen's Compensation Insurance Act or similar laws of such other state, or other remedies under such act or such laws, shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in this state.

Cal.Labor Code § 3600.5(b) (Deering 1976). The United States is thus more like an out-of-state employer whose own laws apply than an in-state California employer. Because the federal workmen's compensation scheme is FECA, and because under *Lockheed* FECA does not bar third-party suits, the County argues that its suit against the United States is permissible under the FTCA.

Structurally, the County's argument begins with the FTCA, which incorporates California law. Looking to California law, however, requires viewing the United States as an out-of-state employer whose own laws apply. The argument thus begins and ends with federal law, stopping at California law only long enough to be referred back to federal law. For the sake of clarity, it might be useful to recapitulate the argument:

(1) In *Lockheed*, the Supreme Court held that the FECA does not directly bar third-party contribution actions against the federal employer.

(2) The Court emphasized that a third-party tortfeasor's substantive right to recovery depends on the Federal Tort Claims Act, which provides that the United States shall be liable in tort under state law to the same extent as a private person in like circumstances.

(3) Under California law, a private person in circumstances like those of the United States is an out-of-state employer of non-resident employees who are injured while temporarily within the state. Such employers are not subject to California workmen's compensation law, so long as the employer is covered by the workmen's compensation laws of his own "state." The workmen's compensation laws of the deceased employees' "own state," (i.e., the United States government) is FECA.

(4) California law provides that the remedies under the out-of-state workmen's compensation law shall be the exclusive remedy against the out-of-state employer for any injury received by the nonresident employee while working in California.

(5) The FECA—the relevant out-of-state workmen's compensation law—does not bar a third-party suit. Therefore, the County may sue the United States.

There are two problems with this argument. First, nowhere in the chain of reasoning is there a substantive basis for a third-party suit. The FTCA invokes California law which in turn invokes the law of the out-of-state employer. Yet the law of the out-of-state employer (i.e., the United States) is devoid of substantive law beyond the FECA. And although the FECA *permits* a third-party suit, it does not, as the Supreme Court made clear in *Lockheed, confer* the underlying substantive right to sue. The underlying substantive third-party right to sue must exist independently of the FECA's passive allowance of the exercise of that right. Thus the defect in the County's argument is that, although the FECA does not bar a third-party claim, there is a vacuum as to the substantive law which would give rise to the claim.

This vacuum would not exist as to a private employer who is an out-of-state employer, for its own state law would provide both the substantive right to the claim against third parties as well as the determination whether or not such suits are barred by that state's workmen's compensation laws. In the case of the United States, however, only the latter, in the form of

FECA and the *Lockheed* case construing it, exists at all.

The second reason for rejecting the County's argument is that its analogy of the United States to an out-of-state employer is not realistic. The United States, *qua* employer, is not like the private employer doing business outside California who happens to have brought in a few employees for a temporary job in-state. The United States is much more like a national corporation doing business in all the states. It employs workers in every state, has a presence in every state, and involves itself with the laws of every state. It is fiction to regard the activities of such an employee as stopping at the borders of a particular state and to base that on the injured worker's permanent duty station.

In this case, the workers were in California, the accident happened in California, and the federal government is an employer in California. The fact that some of the injured employees were stationed out of state does not withdraw the United States from its presence in California.

We recognize the equities of this case and the arguable unfairness of requiring the County to pay for the United States' negligence.[2] The County argues that it has not benefitted from the *quid pro quo* of the workmen's compensation scheme, whereby the employer accepts strict liability in return for a limitation on that liability. But California bars such claims, and the County, *qua* employer, benefits from both the *quid pro quo* with its workers as well as the bar on potential third-party suits against itself.

 We hold that under the FTCA, a "private individual in like circumstances" as those of the United States would be an in-state employer who had brought in some employees for a temporary job in-state. Under California law, a tortfeasor may sue for contribution from a joint tortfeasor, as the County has done, yet California law bars such suits when the third-party defendant is an employer subject to the workmen's compensation laws. It was error to allow the County action against the United States. Because the United States is immune from suit, the court lacked jurisdiction. We need not reach the remaining issues on appeal.

REVERSED.

---

**2.** We are puzzled by the district court's inclusion of LaBarge in its calculation of the comparative negligence of the United States. The negligence of the United States is derivative of that of its employees. Because the County settled with LaBarge's survivors, that settlement gave the County its "recovery" for LaBarge's negligence, and the County cannot recover from the master what it already settled with the servant. The County may, of course, attempt to recover for the comparative negligence of Phillips.