Cathy **FETTER**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. No. 85–1552–E.

United States District Court,
S.D. California.

Nov. 21, 1986.

Dennis A. Schoville, James A. Houston, Gray Cary Ames & Frye, San Diego, Cal., for plaintiff.

Michael Quinton, Asst. U.S. Atty., San Diego, Cal., for defendant.

## MEMORANDUM DECISION

ENRIGHT, District Judge.

### BACKGROUND

Plaintiff Cathy Fetter filed her complaint against the United States on July 3, 1985. She seeks damages of $2,000,000 for injuries allegedly caused by the negligence of several military doctors at the Camp Pendleton Naval Hospital. The trial is set for December 9, 1986, and the United States now moves for an order of partial summary judgment.

On March 18, 1984, plaintiff delivered a healthy baby. This was plaintiff's first child and, due to complications, the birth was completed by Caesarean section.

Shortly after the delivery, plaintiff experienced six separate episodes of post-partum hemorrhaging. Upon each episode, plaintiff went to the Camp Pendleton Naval Hospital for treatment.

Plaintiff's treatment included a dilation and curettage operation, which allegedly caused a lacerated cervix and a punctured bladder. During her last few episodes of hemorrhaging, plaintiff was hospitalized. Finally, on May 1, 1984, the doctors at Camp Pendleton Naval Hospital performed a complete hysterectomy, preventing plaintiff from bearing any more children.

Plaintiff alleges that the treatment she received was negligent, and that the hysterectomy was performed without informed authorization or consent. Her allegations are actionable against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680 (1982).

### DISCUSSION

The United States moves for an order of partial summary judgment, and for a pretrial determination of the admissibility of certain evidence.

Summary judgment is a proper remedy when there are no genuine issues of material fact and the moving party is entitled to prevail as a matter of law. Fed.R. Civ.P. 56(c). The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. If met, the opposing party must come forward with specific factual allegations in contradiction. *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir.1985). On the issues included in this motion, there are no genuine issues of material fact and summary judgment is appropriate.

The United States seeks an order of partial summary judgment on the following three grounds: (1) Cal.Civ.Code § 3333.2 limits plaintiff's recovery of noneconomic

damages to $250,000, (2) Cal.Civ.Proc.Code § 1029.8 does not apply to mandate treble damages against the United States, and (3) plaintiff cannot recover the cost of future health insurance. In addition, the United States requests an *in limine* ruling that plaintiff may not introduce evidence that her husband was transferred to Virginia and of an alleged assault and battery to plaintiff when she entered the Camp Pendleton Military Reservation for treatment.

## A. CALIFORNIA CIVIL CODE § 3333.2

The United States, as sovereign, is immune from suit "except to the extent that it has unequivocally consented to litigation." *LaBarge v. County of Mariposa,* 798 F.2d 364, 366 (9th Cir.1986). The Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680 (1982) (hereinafter "FTCA"), however, constitutes a limited waiver of that sovereign immunity. *LaBarge,* 798 F.2d at 366.

Section 1346(b) of the FTCA is the jurisdictional provision investing the district court with exclusive jurisdiction over "civil actions on claims against the United States" for personal injuries caused by a federal employee's negligence. In addition, section 1346(b) states that liability attaches against the United States "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The specific provision limiting the liability of the United States is section 2674. It states:

> The United States shall be liable ... in the same manner and *to the same extent as a private individual under like circumstances,* but shall not be liable for interest prior to judgment or for punitive damages. (emphasis added).

28 U.S.C. § 2674.

Cal.Civ.Code § 3333.2 (West Supp.1986) provides that

> (a) [i]n any action for injury against a health care provider based on professional negligence, the injured plaintiff shall be entitled to recover noneconomic losses....
>
> (b) In no action shall the amount of damages for noneconomic losses exceed two hundred fifty thousand dollars ($250,-000).

Subsection (c) of the code defines a health care provider as "any person licensed or certified" pursuant to the various state licensing statutes. Cal.Civ.Code § 3333.2(c).

Based on the FTCA analogy to a private person in like circumstances and Cal.Civ. Code § 3333.2, the United States asserts that its liability in this case for noneconomic damages must be limited to $250,000. Three arguments are advanced: First, the Ninth Circuit has impliedly ruled that Cal. Civ.Code § 3333.2 applies to the United States. Second, the Eleventh Circuit Court of Appeals expressly applied a Florida statute limiting damages to the United States under the FTCA. Third, state workers' compensation and recreational use statutes apply to the United States under the FTCA.

In *Hoffman v. United States,* 767 F.2d 1431 (9th Cir.1985), the plaintiff sought to recover for medical malpractice allegedly arising out of treatment received at the Veteran's Administration Hospital. Below, the district court held that Cal.Civ.Code § 3333.2 was an unconstitutional violation of the equal protection clause. The Ninth Circuit reversed, finding that the statute had a rational basis, and remanded the case to the district court "to amend the judgment to limit the noneconomic damages [against the United States] to $250,000." *Id.* at 1437. This holding impliedly supports applying Cal.Civ.Code § 3333.2 to the United States. Plaintiff emphasizes in opposition that *Hoffman* determined only that section 3333.2 was constitutional; it did not apply the statute to benefit the United States.

The Eleventh Circuit applied the Florida collateral source statute to the United States through the FTCA in *Scheib v. Florida Sanitarium & Benevolent Association,* 759 F.2d 859 (11th Cir.1985). In *Scheib,* plaintiff appealed the district

**1100**

court's application of the statute to reduce the damage award, arguing that

> an armed forces medical officer on active duty, was specifically exempted from the licensing requirement ... [so that the doctor] was not a 'health care provider' as defined in that statute.

*Id.* at 863. Plaintiff in this case poses the same argument, without successfully distinguishing *Scheib.*

The holding in *Scheib* was premised on the Eleventh Circuit's interpretation of the United States' liability under the FTCA and workers' compensation and recreational use statutes. Although the United States addressed this line of reasoning, it failed to cite a recent and relevant Ninth Circuit case. *LaBarge,* 798 F.2d at 366. The plaintiff in *LaBarge* was the decedent of a Secret Service agent. The decedent was killed in an automobile that collided with a County patrol car. Suit was filed against the County, which then filed a third party action. The district court eventually held that the United States must indemnify the County for 30% of the plaintiff's award.

The United States argued that it should be exempt from contribution because "a private individual under like circumstances 'would be a private employer covered by California' workmen's compensation law." *Id.* In California, private employers are immune because of statutory exclusive liability.

The Ninth Circuit agreed, finding that the United States could benefit from the statutory immunity. The court stated:

> Second, the County contends that because the United States has not complied with the terms of California's workmen's compensation law, it is not sufficiently "like" a covered private employer to take advantage of the exclusive liability provision.... This argument misconceives the operation of the "like circumstances" standard prescribed in 28 U.S.C. § 2674. As the Supreme Court emphasized in *Indian Towing Co. v. United States,* 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), the statutory language refers not to private persons under "the same circum-

stances," but to those under *similar* circumstances. See *id.* at 64, 76 S.Ct. at 124.

*LaBarge,* 798 F.2d at 367. Extending the reasoning of *LaBarge* to this case suggests that medical military officers are under similar circumstances to civilian doctors, and that the limitation in Cal.Civ.Code § 3333.2 controls the liability for noneconomic damages of both.

Plaintiff opposes summary judgment on this issue by arguing that (1) applying Cal. Civ.Code § 3333.2 to the United States does not further its legislative purposes, (2) that military medical officers are not within the statutory definition of a "health care provider," and (3) military medical officers are not subject to the state's licensing authority, which should preclude them from receiving the protection and benefits of section 3333.2.

■ The first two arguments are unpersuasive. The last argument, although facially appealing, is likewise without merit in light of the more compelling authority provided by the United States. In support of her last argument, plaintiff cites *Gallea v. United States,* 779 F.2d 1403 (9th Cir. 1986). In *Gallea,* the court held that the United States was immune from liability for the accident caused by an intoxicated minor who was served excessive alcohol at the Marines Barracks Club. Immunity was premised on the fact that the military club was not licensed, and the state law specifically attached liability to licensed establishments. *See* Cal.Bus. & Prof.Code § 25602.1 (West 1985); *Gallea,* 779 F.2d 1404 n. 1. The court concluded that

> [b]ecause FTCA liability is predicated on state law and because a private person in a situation similar to the United States here [i.e. unlicensed] would be immune from civil liability, the district court did not err in dismissing the United States.

*Gallea,* 779 F.2d at 1406.

Plaintiff interprets *Gallea* to hold that an entity may not benefit from a protective statute unless it is likewise subject to the burden of licensing restrictions. This

court, however, reads *Gallea* differently. The court's concern in *Gallea,* as in other challenges under the FTCA, was the identification of "a private person in a similar situation." *Id.* In certain frameworks, the private person analogy may depend on licensing; in other instances, licensing will not be the predominant factor.

The situation of the military medical officers treating plaintiff is most similar to private doctors. They are both "health care providers" within the meaning of Cal. Civ.Code § 3333.2. Accordingly, the United States may claim the $250,000 limitation on noneconomic damages.

## B. CALIFORNIA CODE OF CIVIL PROCEDURE § 1029.8

Cal.Civ.Proc.Code § 1029.8 (West 1985) provides that any

> unlicensed person who causes injury or damage to another person as a result of providing goods or performing services for which a license is required ... shall be liable to the injured person for treble the amount of damages assessed in a civil action in any court having proper jurisdiction.

The licensing provisions incorporated into section 1029.8 include those defined in Cal.Bus. & Prof.Code §§ 500 *et seq.* Section 715 expressly exempts "dentists, physicians and surgeons" who practice their profession exclusively as employees of the federal government, pursuant to a contract or in a facility supported by the federal government, or under certain federal governmental projects.

 The United States asserts, and plaintiff has not presented any facts to contradict, that the allegedly negligent physicians are exempt from the licensing requirements. Thus, Cal.Civ.Proc.Code § 1029.8 does not apply and the United States cannot be held liable for treble damages.

## C. COST OF PRIVATE MEDICAL INSURANCE

In the Pretrial Conference Order, plaintiff lists as a disputed issue of fact [w]hether because of the negligent treatment of CATHY FETTER at Navy Regional Medical Center she is unwilling and unable to receive any further treatment for her or her son at Navy medical facilities and will therefore incur costs of personal health insurance for her and her son until he reaches majority.

Pretrial Conference Order at 13–14. The United States characterizes this as seeking "damages for the future cost of health insurance for possible future medical expenses unrelated to an injury alleged to have been caused by the defendants." Brief in Support at 26. Plaintiff states that this is simply an admissible element of damages.

Apparently, plaintiff conceives the cost of medical insurance as an element of both economic and noneconomic damage. It is economic because plaintiff's injuries will jeopardize her future earning capacity, which would include health insurance as a benefit. But, plaintiff also contends that health insurance is an element of noneconomic damages included in her mental suffering, stating:

> [A]fter suffering a devastating episode of medical malpractice [plaintiff] would be unwilling to subject herself or her family to the medical system which so injured her. It is a reasonable recovery on a negligence theory to provide [plaintiff] with that which she lost—faith in a medical system which can care for her. The only manner in which the UNITED STATES can compensate for that loss is to provide health insurance as pleaded.

Brief in Opposition at 18.

 Plaintiff may include the cost of health insurance benefits in her damages, however, only as an economic injury. Section 120(c), Johns, *California Law of Damages and Proof 3d* (1985), provides:

> If the plaintiff's loss or impairment of future earning capacity includes loss of life, accident, or health insurance coverage that his employer provided, that loss may be considered in assessing damages. In many instances, for example, the em-

ployee participates in a group insurance plan, and the difference between the cost of group insurance may constitute a substantial loss.

Thus, plaintiff may include the cost of private medical insurance if she can first show that her alleged injuries are reasonably certain to impair her prior earning capacity, that the impairment is permanent, the value of her prior earning capacity and the value of her lost fringe benefits. *Id.* at § 120(a).

### D. ADMISSIBILITY OF EVIDENCE

■ In the Pretrial Conference Order, plaintiff stated that her husband's reassignment to Virginia and an alleged assault and battery when she entered the Camp Pendleton Military Reservation are issues of fact. The United States, apparently, characterizes plaintiff's inclusion of these facts as an attempt to state additional and impermissible claims for relief. However, plaintiff states that these facts were included only to provide a complete scenario. This position is plausible and the United States' motion to prevent admission of this evidence is premature.

Accordingly, the motions in limine are denied without prejudice to reassertion at the time that plaintiff actually seeks to introduce her factual background.

### CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing and for the reasons set forth herein, this court hereby grants the United States' motion for summary judgment, in part, as follows:

1. Plaintiff is limited to noneconomic damages of $250,000 pursuant to Cal. Civ.Code § 3333.2.

2. Plaintiff may not seek treble damages as provided in Cal.Civ.Proc.Code § 1029.8; that section does not apply.

3. Plaintiff may include the cost of private medical insurance, but only as an element of economic damages.

In addition, the United States' motion in limine is denied in its entirety.