**Tracy DOSS and Murice McCloskey,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civil Action No. 5:10–CV–39.**

United States District Court,
E.D. Texas,
Texarkana Division.

March 31, 2011.

A. Paul Miller, Miller James Miller & Hornsby, Texarkana, TX, for Plaintiff.

Robert Austin Wells, Thomas Edward Gibson, U.S. Attorney's Office, Tyler, TX, for Defendant.

***ORDER***

DAVID FOLSOM, District Judge.

Before the Court is Defendant United States of America's ("Defendant's") Motion to Dismiss for Failure to State A Claim under Rule 12(b)(1) and 12(b)(6). Dkt. No. 5. Also before the Court are Plaintiffs' response, Defendant's reply, and Plaintiffs'

sur-reply. Dkt. Nos. 8, 10, & 11. The Court held a hearing on February 1, 2011. *See* Dkt. No. 17. After the hearing, Plaintiffs submitted comments regarding *Roelofs v. United States,* 501 F.2d 87 (5th Cir.1974). Dkt. No. 18. Also before the Court is Defendant's response to Plaintiffs' comments. Dkt. No. 20. Having considered all the relevant papers and pleadings and parties' arguments, the Court finds that Defendant's motion should be **GRANTED.**

## I. BACKGROUND

Plaintiffs Tracy Doss and Murice McCloskey were employees of Lear Siegler, Inc. ("LSI") which operated through a contract with Red River Army Depot. First Amended Complaint, Dkt. No. 6, paragraph 10. On July 14, 2008, Plaintiffs responded to a request from Red River Army Depot to check on a breaker in Building 315. *Id.* at paragraph 11. Following unsuccessful attempts to set the breaker, Plaintiffs removed the front cover of the box and examined the wires for any evidence of smoke damage, scarring, or cut wires. *Id.* Plaintiffs then attempted to remove the arc shield to check the voltage. *Id.* While Plaintiffs were attempting to remove the screws holding the arc shield in place, an explosion occurred. *Id.* Plaintiffs were both initially blinded by the explosion and suffered serious burns to the hands, face and other parts of the body. *Id.* at paragraphs 12 and 19. As a result of the injuries, both Plaintiffs underwent psychological evacuation and treatment to assist them in overcoming the trauma of the injury and were prescribed medications for depression and anxiety. *Id.* at paragraphs 18 and 24.

## II. LEGAL PRINCIPLES

A motion to dismiss under FED.R.CIV.P. 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998). A case is properly dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case. *CleanCOAlition v. TXU Power,* 536 F.3d 469, 473 (5th Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 648, 172 L.Ed.2d 615 (2008). The party asserting jurisdiction bears the burden of proving its existence. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001). In deciding a Rule 12(b)(1) motion the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004). It is recognized that a motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted. *Priester v. Lowndes County,* 354 F.3d 414, 418 (5th Cir.2004).

Although "heightened fact pleading of specifics" is not required, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a for-

mulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964–65 (citations omitted); *see also S. Christian Leadership Conference v. Supreme Ct.,* 252 F.3d 781, 786 (5th Cir.2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (quoting *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993))); *Banks v. Nat'l Collegiate Athletic Ass'n,* 977 F.2d 1081, 1093 (7th Cir. 1992) (citation omitted) ("[A] complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.").

## III. PARTIES' POSITIONS

Defendant moves to dismiss Plaintiffs' claims for failure to state a claim upon which relief may be granted. Dkt. No. 5 at 4. Plaintiffs filed the complaint in the above-captioned case, alleging that the explosion and their injuries were caused by the negligence of Defendant under the Federal Tort Claims Act ("FTCA"). Dkt. No. 1. Under the FTCA, the law of the state where the underlying act or omission took place applies. The parties agree that Texas law applies here. Dkt. No. 5 at 6.

Defendant argues that under Texas law, an employer who provides workers' compensation insurance for its employees is exempt from suit by its employees by virtue of the "exclusive remedy" provision. The exclusive remedy provision provides that an employee's exclusive remedy for an on-the-job injury is seeking workers' compensation benefits. Dkt. No. 5 at 6. Defendant urges that this rule also applies to a general contractor that "provides" workers' compensation insurance coverage

within the meaning of the Texas Labor Code to a subcontractor and its employees. *Id.* at 9.

Defendant further urges that Plaintiffs have failed to state a claim because "those claims are barred by Chapter 95 of the Texas Civil Practice and Remedies Code." Dkt. No. 5 at 11. Defendant argues that Chapter 95 applies because Plaintiff's claims arise from the "condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement." *Id.* Defendant argues that Plaintiffs have not satisfied the elements of Chapter 95 and have not shown that the United States exercised some control over the work performed, possessed actual knowledge of the danger or condition causing the Plaintiff's injury, and failed to warn of that danger. *Id.* Accordingly, Defendant submits that it, as the premises owner, is immune from liability under Chapter 95. *Id.*

Defendant also argues that "the United States did not owe any such duty as [Plaintiffs] have alleged and they have thus failed to state any claim against the [Defendant]." Dkt. No. 5 at 15. Defendant state that, under Texas law, a general contractor does not ordinarily owe "a duty to ensure that an independent contractor performs its work in a safe manner ... A duty does arise, however, if the general contractor retains some control over the manner in which the independent contractor performs its work." *Id.* at 16. Defendant urges that it did not retain or exercise control over the actual basis of the alleged negligence and thus, does not owe a duty to Plaintiffs, as employees of an independent contractor. *Id.* at 17.

Defendant further argues that the FTCA "waives the United States' immunity only for personal injury or death caused by the negligent or wrongful act or omis-

sion of any employee of the government while acting with the scope of his office or employment." Dkt. No. 5 at 18. Based on the definitions of "federal agency" and "government employees," Defendant submits that the FTCA does not waive sovereign immunity for claims of liability based on acts or omissions of contractors. *Id.* Defendant states that LSI was a contractor of the United States, Plaintiffs were employees of LSI, and the United States retained no supervisory or management control over LSI's employees. As such, Defendant claims that Plaintiffs were not its employees, and the FTCA does not waive Defendant's immunity. *Id.* at 19–21.

Defendant also argues that several of Plaintiff's allegations fall outside of the FTCA's waiver of sovereign immunity because they were discretionary functions of the Army. Dkt. No. 5 at 21. Defendant further argues that Plaintiffs have failed to state a claim based on OSHA regulations because "Plaintiffs cannot make a claim of negligence per se based on alleged OSHA regulatory violations in this case" as a matter of law. Dkt. No. 5 at 24. Defendant argues that because OSHA only protects employees of an entity and Plaintiffs were not employed by Defendant, Plaintiffs cannot bring a claim against Defendant based on OSHA violations. *Id.* at 26–27.

In response, Plaintiffs argue that Texas law does not bar their claims because LSI actually provided workers' compensation insurance for Plaintiffs, and not Defendant. Plaintiffs urge that Defendant's argument "is a dramatic expansion of existing Texas law." Dkt. No. 8 at 4. Rather, Plaintiffs argue, Texas law actually states that general contractors who merely require subcontractors to obtain workers' compensation insurance for its employees are not entitled to assert the exclusive remedy defense. *Id.* at 6. Plaintiffs urge that Defendant does not actually obtain

and provide workers' compensation coverage to LSI's employees. *Id.*

Plaintiffs further respond that Chapter 95 of the Texas Civil Practice and Remedies Code does not apply to the facts of this case. Dkt. No. 8 at 11. Specifically, Plaintiffs argue that Defendant does not use Red River Army Depot primarily for commercial or business purposes. *Id.* Plaintiffs argue that because Chapter 95 is limited to owners of property that primarily has a commercial or business purpose, Chapter 95 cannot apply to the United States in this case. *Id.* Plaintiffs further respond that Defendant is liable both as a general contractor and as a real property owner. *Id.* at 15. As such, Defendant has a general duty to provide Plaintiff with a safe place to work, as required by Texas law. *Id.* Plaintiffs also argue that FTCA's waiver of immunity does apply to Defendant in this case because Plaintiffs were supervised by a Red River Army Depot employee and Plaintiffs were required to check out equipment from the Red River Army Depot tool room instead of using Lear Siegler equipment. *Id.* at 16.

Plaintiffs further dispute that "allegations related to [the] maintenance program, policies and procedures requiring disconnection of power and protective equipment are based on discretionary functions." Dkt. No. 8 at 17. Plaintiffs also argue that OSHA regulations provide a standard of care upon with to base Plaintiffs' claims because OSHA violations can be used as evidence of negligence. *Id.* at 20.

Defendant replies that "Plaintiffs assert an overly narrow interpretation of recent Texas Supreme Court jurisprudence" and misapplies the limited waiver of sovereign immunity provided by the FTCA. Dkt. No. 10 at 1. Defendant argues that for tort actions brought under the FTCA, the United States is liable only in the same

manner and to the same extent as a private individual under like circumstances. *Id.* at 2. Defendant states that the United States cannot directly provide or obtain workers' compensation coverage for the employees of subcontractors because Congress has not authorized the United States to do so. *Id.* at 2–3. Instead, argues Defendant, the United States has provided worker's compensation to LSI employees by requiring that LSI obtain worker's compensation coverage and then the United States pays the cost of the premiums to LSI. *Id.* at 3. Defendant asserts that Plaintiffs had already sought and obtained workers compensation benefits for their injuries and are now seeking to increase their recovery and recover tort damages in addition to the benefits received from workers compensation.

Defendant argues that the actions of the United States should be viewed as if it is a private person, and as such, if it is entitled to claim the Chapter 95 protection. Dkt. No. 10 at 4. Under such an analysis, Defendant urges that it is protected by Chapter 95 immunity. *Id.* Defendant also urges again that it did not owe a duty to provide a safe workplace to Plaintiffs, who were employees of an independent contractor. *Id.* at 6. Defendant states, also, that "Plaintiffs have not provided sufficient basis to defeat the contractor exclusion to the FTCA" and that "Plaintiffs have not shown why the Court should not apply the discretionary function exception" to their claims for negligence based on the Army's discretionary decisions. *Id.* at 7. Finally, Defendant also argues that OSHA does not provide a common law standard of care under Texas law. *Id.* at 9.

Plaintiffs sur-reply that Chapter 95 is not applicable to the facts of the above-captioned case. Plaintiffs also urge that even if Chapter 95 is found to apply, Plaintiff's First Amended Complaint alleges that Defendant "exercised or retained con-

trol over the manner in which the work was performed and had actual knowledge of the dangerous condition resulting in the personal injury and failed to warn of the danger." Dkt. No. 11 at 1; *see also* Dkt. No. 6. Plaintiffs also argue that just because Defendant required LSI to obtain workers' compensation insurance, it does not mean that Defendant has provided workers' compensation insurance to the subcontractors under Texas law. Dkt. No. 11 at 2.

At the February 2, 2011 hearing, the *Roelofs* case was cited by Defendant in support of its argument regarding the exclusive remedy defense under the Act. After the hearing, Plaintiffs commented that according to *Roelofs*, resolution of "statutory employer" assertions turns upon the language of the particular state workmen's compensation laws applicable to the case. Dkt. No. 18 at 1. Plaintiffs reiterate that "[u]nder Texas law, a person simply contractually requiring a subcontractor to obtain workers' compensation coverage is not immune from suit." *Id.* at 2. Defendant responds that "Plaintiffs continue to narrowly misinterpret the 'like circumstances' analysis that determines the scope of the United States' liability under the FTCA." Dkt. No. 20 at 1. Defendant argues that in *Roelofs*, the Fifth Circuit cautioned against requiring the United States to comply with the literal requirements of Louisiana law. *Id.* at 2. Defendant argues that the Act only requires that there be a written agreement to provide workers' compensation insurance coverage, instead of requiring general contracts to operate through formal Owner Controlled Insurance Programs. *Id.* at 4.

## IV. DISCUSSION

██ Plaintiffs' personal injury claims fall under the FTCA. The FTCA is the exclusive remedy for suits against the

United States or its agencies sounding in tort. 28 U.S.C. § 2679(a). The FTCA grants a limited waiver of sovereign immunity and allows tort claims against the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The FTCA imposes liability upon the government to the same extent, and in the same manner, as a private individual under "like circumstances," not "identical circumstances." *U.S. v. Olson,* 546 U.S. 43, 46, 126 S.Ct. 510, 163 L.Ed.2d 306 (2005). Courts must look to "like circumstances" for analogies of when private citizens would be liable in order to determine the Government's liability, if any, under the FTCA. *Villafranca v. U.S.,* 587 F.3d 257, 262 (5th Cir.2009). "Because the federal government could never be exactly like a private actor, a court's job in applying the standard is to find the most reasonable analogy." *LaBarge v. County of Mariposa,* 798 F.2d 364, 367 (9th Cir. 1986), *cert. denied* 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed.2d 497 (1987). The FTCA is given a broad interpretation "to effectuate the legislative aim of putting citizen and national sovereign in tort claims suits on a footing of equality as between private parties within that state." *Roelofs v. United States,* 501 F.2d 87, 92 (5th Cir.1974).

The Texas Workers' Compensation Act (hereinafter "the Act") states that a "general contractor and a subcontractor may enter into a written agreement under which the general contractor provides workers' compensation insurance coverage to the subcontractor and the employees of the subcontractor." Tex. Lab.Code § 406.123(a). If the general contractor "provides" workers' compensation insurance, it becomes a statutory employer of the subcontractor's employees for the purposes of the Act. *See* Tex. Lab.Code § 406.123(e) ("An agreement under this section makes the general contractor the employer of the subcontractor and the sub-

contractor's employees...."). Such an employer is immune from claims brought by a subcontractor's employee because the employee's exclusive remedy is his workers' compensation benefits. Tex. Lab. Code § 408.001(a).

■ The Army has a Master Contract with LSI that governs LSI's supplying of additional workforce to support the Army's mission. Pursuant to the authorization provided in the Master Contract, the Army entered into a task order with LSI to provide additional civilian workers to support the Army's mission at RRAD. Task Order D713 was in effect during July 2008. According to the terms of the Master Contract and Task Order D713, LSI was required to provide workers' compensation insurance for LSI employees working at RRAD in accordance with the requirements of Texas law and the U.S. Army would pay LSI the cost of workers' compensation insurance premiums. In accordance with the Master Contract, the Army has made payments to LSI to cover the cost of the workers' compensation insurance premiums since the RRAD Contract began. Defendant argues that because the Army has required LSI to obtain workers' compensation insurance, Defendant is entitled to the exclusive remedy provision of Texas law and Plaintiffs' claims are barred.

The parties do not dispute that LSI obtained workers' compensation coverage, that the United States paid for the premiums of the workers' compensation coverage, or that Plaintiffs sought and obtained workers' compensation benefits as a result of their injuries. However, Plaintiffs argue that the United States has not met the criteria for obtaining the protections of being an employer under Texas law for purposes of workers' compensation coverage because the United States has not provided workers' compensation coverage

as is required under the Act. Plaintiffs argue that requiring LSI to obtain worker's compensation coverage of its employees is not providing workers' compensation coverage.

Tex. Lab.Code § 406.123(a) does not require a general contractor to actually obtain the insurance, or even pay for it directly. "The Act only requires that there to be a written agreement to provide workers' compensation insurance coverage." *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 353 (Tex.2009). Plaintiffs argue that *HCBeck* only applies to "whether the statutory protections were available within an Owner Controlled Insurance Program (OCIP), on both upstream and downstream contracts." Dkt. No. 11 at 2. However, Plaintiffs' interpretation of the holding in *HCBeck* is too narrow. There is no discussion in *HCBeck* that limits the holding to OCIPs only.

■ While Congress has authorized the United States to provide workers' compensation insurance for federal employees, it has not granted permission for the government to provide coverage to contractors. As a result, the United States cannot directly pay workers' compensation benefits to non-federal employees or employees of independent contractors. *See McWhinnie v. U.S.*, 2008 WL 2704469, *4–5 (W.D.Ky. 2008). In this respect, the United States is unlike private individuals or entities who act as general contractors. Here, the coverage that was actually provided to Plaintiffs was required by the Master Contract between the United States Army and LSI. Furthermore, the cost of the coverage was passed on to the United States per the Master Contract as an allowable cost under the contract with LSI. The United States ensured that LSI's employees would be covered by workers' compensation by requiring in the Master Contract that LSI shall procure workers' compensation coverage *and* that the United States would compensate LSI for the cost of the

workers' compensation coverage as an allowable cost of the underlying contract. Thus, the United States sought to comply with the purpose of the Act in a manner allowed by Congress and is financially bound to LSI to pay for the coverage, even if it does not purchase the coverage itself.

Plaintiffs' argument would have this Court find that a general contractor who reimburses a subcontractor for the premium costs of workers' compensation coverage that the subcontractor purchased does not qualify as an employer under the Act. However, this directly contradicts *HCBeck*. As discussed above, the court in *HCBeck* found that HCBeck qualified as a statutory employer because it had to either buy workers' compensation insurance *or compensate the subcontractor for any insurance premiums the subcontractor spent on workers' compensation coverage.* *HCBeck*, 284 S.W.3d at 355 (emphasis added). Because HCBeck was financially liable for the workers' compensation coverage that its subcontractor purchased, it qualified as an employer under the Act.

Congress has not allowed Defendant to obtain coverage directly for non-employees. However, like HCBeck, Defendant is contractually bound to reimburse the subcontractor for the premiums that the subcontractor pays for any workers' compensation coverage that the subcontractor obtains. Defendant has therefore gone beyond merely requiring that LSI provide coverage for Plaintiffs and being financially liable for Plaintiffs' workers' compensation coverage, has provided workers' compensation coverage for Plaintiffs under the Act.

Having found that Defendant provided workers' compensation coverage for Plaintiffs, this Court must now determine if Defendant qualifies as a "general contractor" under the Act, an issue that the parties did not address in their briefing or at

the hearing. In the present situation, Defendant is a premises owner who also acted as a general contractor. The Texas Supreme Court addressed this in *Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433 (Tex.2009), holding that a premises owner who also acts as a general contractor can be considered an employer under the Act and qualifies for the exclusive remedy defense. There, Entergy, the premises owner, contracted with IMC, a subcontractor, to assist in the performance of certain maintenance, repair and other technical services at its various facilities. *Entergy,* 282 S.W.3d at 435–6. Entergy provided workers' compensation insurance for IMC's employees through an owner provided insurance program. *Id.* at 436. The parties disputed whether the definition of a "general contractor" can include a premises owner under the Act, or if a "general contractor" is limited to non-owner contractors downstream from the owner. The Texas Supreme Court found that the definition of a general contractor is "a person who takes on the task of obtaining the performance of work," and that premises owners are not excluded from this definition. *Id.*

Here, it is uncontroverted that the United States entered into a contract with LSI that governs LSI's supplying of additional workforce to support the Army's mission. Pursuant to the authorization provided in the Master Contract, the Army entered into a task order with LSI to provide additional civilian workers to support the Army's mission at RRAD. The United States thus undertook the task of obtaining the performance of work from LSI, and can be considered a general contractor under the Act. Because Defendant is a general contractor who provided workers' compensation coverage for Plaintiffs, it is a statutory employer under the Act and is entitled to the exclusive remedy defense. Therefore, Plaintiff's claims are barred.

Because Plaintiff's claims are barred by the exclusive remedy provision under the Act, Plaintiffs have failed to state a claim to relief that is plausible on its face. Accordingly, the Court finds that the United States' motion to dismiss for failure to state a claim should be **GRANTED.**

In view of the Court's finding that Plaintiffs have failed to state a claim to relief that is plausible on its face, the Court does not address the other grounds for dismissal asserted by Defendant in its briefing.

### *CONCLUSION*

For the foregoing reasons, the United States's motion to dismiss is hereby **GRANTED.** Defendant is hereby **DISMISSED** from the above-captioned case.

**IT IS SO ORDERED.**