FILED

**NOT FOR PUBLICATION**

OCT 22 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN R. DOHNER, | No. 12-55698 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-06419-TJH-MAN |
| v. | |
| ADAM N. TORRES, United States Marshal, Central District of California; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted October 14, 2014[**]

Before: LEAVY, GOULD, and BERZON, Circuit Judges.

California state prisoner Alan R. Dohner appeals pro se from the district

court's summary judgment in his action alleging federal and state law claims in

connection with his medical treatment while in federal custody. We review de

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We have jurisdiction under 28 U.S.C. § 1291. We may affirm on any basis supported by the record, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009), and we affirm.

Summary judgment was proper because Dohner failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference in addressing Dohner's serious medical needs, and as to whether defendants engaged in extreme and outrageous conduct. *See Toguchi*, 391 F.3d at 1057 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health); *LaBarge v. County of Mariposa*, 798 F.2d 364, 366 (9th Cir. 1986) (Federal Tort Claims Act requires the courts "to analogize the government to a private actor in a similar situation and apply state law to determine amenability to suit."); *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (elements of an intentional infliction of emotional distress claim under California law).

The district court did not abuse its discretion by denying Dohner's second request for an extension of time to oppose summary judgment because it had previously granted Dohner a 45-day extension of time. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (setting forth the standard of review and discussing the requirements for an extension of time under Fed. R. Civ.

12-55698

P. 6(b)); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (noting the district court's "broad authority to impose reasonable time limits"). Moreover, the district court did not abuse its discretion by declining to reconsider its order. *See* C.D. Cal. R. 7-18 (grounds for reconsideration); *Ahanchian*, 624 F.3d at 1258 (reviewing for abuse of discretion the district court's denial of a Fed. R. Civ. P. 60(b) motion); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395-96 (9th Cir. 1993) (reviewing application of local rules for abuse of discretion).

We affirm the award of costs to the federal defendants because Dohner failed to file a motion for the district court to review the clerk-approved bill of costs. *See Walker v. California*, 200 F.3d 624, 625-26 (9th Cir. 1999) (per curiam) (a party waives the right to challenge a cost award if the party does not file a timely motion for review of the award).

We reject Dohner's contentions concerning the district court's alleged failure to protect his right to access the courts, its denial of his ex parte applications for "protective orders," in which he sought injunctive relief, and defendants' alleged violation of his First Amendment rights.

**AFFIRMED.**