Claire E. GALLEA and Linda S. Huckleberry, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee,

and

Rodney Smith, Defendant.

No. 85–1856.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 1985.

Decided Jan. 2, 1986.

Michael J. Veiluva, Trembath, McCabe, Schwartz, Evans & Levy, Concord, Cal., for plaintiffs-appellants.

Thomas R. Port, La Follette, Johnson, Schroeter & DeHaas, San Francisco, Cal., for defendant-appellee.

Before WRIGHT, KENNEDY and BEEZER, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

The issue presented is whether a federal enclave which sells alcohol to an obviously intoxicated minor is immune from tort liability under the Federal Tort Claims Act ("FTCA") because it is exempt from California liquor licensing requirements.

BACKGROUND

In 1983, Candy Lynn Gallea and Rodney Smith, both minors, became intoxicated in the Enlisted Club Marine Barracks ("Club"). The Club is operated by the Department of Defense at the Concord Naval Base in California and is not subject to California liquor licensing requirements.

Although Smith became obviously intoxicated, Club employees continued to serve him alcoholic drinks. Smith and Miss Gallea left on his motorcycle, which crashed and killed Gallea.

Appellants, Gallea's natural parents, originally brought their wrongful death claims in state court in October 1983. The government petitioned for removal and, after appellants filed their complaint in district court, moved to dismiss. Without giving its reasons, the district court dismissed the United States and remanded the case against the remaining defendant to state court. We affirm.

ANALYSIS

I. *Appellate Jurisdiction*

■ Generally, 28 U.S.C. § 1447(d) forbids appellate review of remand orders. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 276 (9th Cir. 1984). In *Pelleport,* however, we distinguished cases in which a district court reaches a substantive decision on the merits, followed by a remand to state court, from a mere remand. *Id.* at 276–77. We found that, although a district court's final determination that it lacks subject matter jurisdiction is unreviewable, a dismissal that precedes the remand may be reviewed. *See id.* (citing *Waco v. United States Fidelity & Guaranty Co.,* 293 U.S. 140, 143, 55 S.Ct. 6, 7, 79 L.Ed. 244 (1934) and *Armstrong v. Alabama Power Co.,* 667 F.2d 1385, 1387 (11th Cir.1982)).

■ Because the district court's order dismissing the United States necessarily preceded the remand order, we have jurisdiction to review the dismissal. To hold otherwise would immunize the dismissal from review. *See id.* (Congress did not intend to apply Section 1447(d) to substantive determinations of an action's merits).

II. *United States' Liability*

A. *Standard of Review*

The issue is entirely legal, which we review *de novo. United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ Because the issue in this case arises under the FTCA, the question of the United States' liability is determined with reference to state law. 28 U.S.C. § 2674 (1982). *See also Louie v. United States,* 776 F.2d 819, 824 (9th Cir.1985) (citing *Wright v. United States,* 719 F.2d 1032, 1034 (9th Cir.1983). District court determinations of state law are reviewed *de novo. Louie,* 776 F.2d at 822; *Molsbergen v. United States,* 757 F.2d 1016, 1020 (9th Cir.), *cert. dismissed,* —— U.S. ——, 106 S.Ct. 30, 87 L.Ed.2d 706 (1985).

B. *Federal Tort Claims Act*

■ Under the FTCA, the government's liability depends on whether the state " 'would impose liability on private persons or corporations under similar circumstances.' " *Louie,* 776 F.2d at 824 (quoting *Rayonier, Inc. v. United States,* 352 U.S. 315, 318, 77 S.Ct. 374, 376, 1 L.Ed.2d 354 (1957)). "[T]he United States is liable for the negligence of its employees only 'in the same manner and to the same extent as a private individual under like circumstances....' " *Id.* (quoting 28 U.S.C. § 2674).

C. *California Law*

The resolution of this case turns on the construction of three California statutes.[1]

---

**1.** The three statutes are Cal.Bus. & Prof.Code §§ 25602 and 25602.1 (West 1985) and Cal.Civ. Code § 1714 (West 1985). They provide in relevant part:

§ **25602:**

. . . .

(b) No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage ... shall be civilly liable to any injured ·person or the estate of

such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage.

(c) The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as *Vesely v. Sager,* 5 Cal.3d 153, 95 Cal.Rptr. 623, 486 P.2d 151, *Bernhard v. Harrah's Club,* 16 Cal.3d 313, 128 Cal.Rptr. 215, 546 P.2d 719 and *Coulter v. Superior Court,* 21 Cal.3d 144, 145 Cal.Rptr. 534, 577

Appellants argue that the district court erred in narrowly construing the exception in Section 25602.1.

Sections 25602 and 1714 were amended in 1978 by the addition of their respective subsections (b) and (c) ("the 1978 amendments"). *See Strang v. Cabrol*, 37 Cal.3d 720, 209 Cal.Rptr. 347, 348–49, 691 P.2d 1013 (1984). These subsections created a "sweeping immunity," *id.*, 209 Cal.Rptr. at 350, 691 P.2d at 1016, from liability for the service of alcoholic beverages.

Section 25602.1 was added in 1978 as well. It provides "the 'single exception' to the 'sweeping immunity' afforded by the 1978 amendments...." *Id.*, 209 Cal.Rptr. at 350, 691 P.2d at 1016 (quoting *Cory v. Shierloh*, 29 Cal.3d 430, 436, 174 Cal.Rptr. 500, 629 P.2d 8 (1981)).

Although no reported California decision has considered the effect of the 1978 amendments and Section 25602.1 on the liability of the United States, our review of California law convinces us that California courts would not impose liability.

In *Bernhard v. Harrah's Club*, 16 Cal.3d 313, 128 Cal.Rptr. 215, 546 P.2d 719 (en banc), *cert. denied*, 429 U.S. 859, 97 S.Ct. 159, 50 L.Ed.2d 136 (1976), the California Supreme Court held that a Nevada casino could be held liable under California law for furnishing alcohol to its obviously intoxicated patrons. Out-of-state liquor providers are similar to federal enclaves such as the Club. Neither is subject to the California liquor licensing system and both provide liquor to people who might injure someone in California. Yet, *Bernhard* was one of the three cases expressly abrogated by the 1978 amendments and the California legislature affirmed the tort immunity for out-of-state liquor providers by referring in Section 25602.1 to purveyors licensed under a California statute.

In *Cory v. Shierloh*, 29 Cal.3d 430, 174 Cal.Rptr. 500, 629 P.2d 8 (1981), the California Supreme Court upheld the constitutionality of the 1978 amendments and Section 25602.1. It upheld the legislature's scheme in which immunity might turn solely on the fact that the defendant is not licensed to serve alcohol.[2] *Id.*, 174 Cal.Rptr. at 505–06, 629 P.2d at 13–14. It did so even in the face of what it considered "apparent incon-

P.2d 669, be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person.

**§ 25602.1:** Notwithstanding subdivision (b) of Section 25602, a cause of action may be brought by or on behalf of any person who has suffered injury or death against any person licensed pursuant to Section 23300 who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage to any obviously intoxicated minor where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person.

**§ 1714:**

    ....

(b) It is the intent of the Legislature to abrogate the holdings in cases such as *Vesely v. Sager*, 5 Cal.3d 153, 95 Cal.Rptr. 623, 486 P.2d 151, *Bernhard v. Harrah's Club*, 16 Cal.3d 313, 128 Cal.Rptr. 215, 546 P.2d 719, and *Coulter v. Superior Court*, 21 Cal.3d 144, 145 Cal.Rptr. 534, 577 P.2d 669, and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic

beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person.

(c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages.

2. In *Cory*, the defendant, Shierloh, who was himself a minor, was not licensed to sell or furnish alcoholic beverages. This fact made Section 25602.1 inapplicable. *Cory v. Shierloh*, 29 Cal.3d 430, 174 Cal.Rptr. 500, 501, 503, 629 P.2d 8, 9, 11 (1981). Although a private person who sells liquor but who is not licensed as required by Bus. and Prof.Code § 23300 would be violating California law, the violation does not form a proper basis for tort liability under § 25602.1. Since we cannot say that a private person in circumstances similar to the Club *would* be licensed where the Club need not be licensed, we cannot create the fiction that the Club is licensed pursuant to Section 23300.

sistencies and anomolies." *Id.,* 174 Cal. Rptr. at 505, 629 P.2d at 13. The court stated that:

> [W]hether or not the selling or supplying of the liquor is a tortious *cause* of a resultant injury turns on the *license* status of the supplier and the *age* of the consumer. Causation in a common law sense ... has never pivoted on such a perilous and seemingly irrelevant fulcrum. Nevertheless, our function is to find ... some means to sustain, not reject [the 1978 amendments].

*Id.,* 174 Cal.Rptr. at 505–06, 629 P.2d at 13–14 (emphasis in original).

In *Strang v. Cabrol,* 37 Cal.3d 720, 209 Cal.Rptr. 347, 691 P.2d 1013 (1984) (en banc), the California Supreme Court narrowly construed Section 25602.1. The issue was whether Section 25602.1 excepted sales of alcohol by licensed vendors to *sober* minors, in violation of Cal.Bus. & Prof. Code § 25658, from the general grant of immunity in Section 25602. *See id.,* 209 Cal.Rptr. at 350, 691 P.2d at 1016. Applying "settled principles of statutory construction," the court held that "an express exclusion from the operation of a statute indicates the Legislature intended no other exceptions are [sic] to be implied." *Id.* The court refused to broaden Section 25602.1 to impose liability for alcohol sales to sober minors as well as intoxicated minors. *Id.*

The Club is not licensed as a liquor provider under California law. Since California courts narrowly construe the exception to the general liquor-provider immunity and since the legislature obviously intended the immunity exception to be limited to liquor providers licensed under California law, we cannot say that a private person in circumstances similar to the Club would be liable.

## CONCLUSION

From our review of California law we find that California courts would not hold liable under Section 25602.1 a private person who, although he or she served liquor to an obviously intoxicated minor, was not licensed *under California law* to serve liquor. Because FTCA liability is predicated on state law and because a private person in a situation similar to the United States here would be immune from civil liability, the district court did not err in dismissing the United States.

The judgment of the district court is AFFIRMED.

KENNEDY, Circuit Judge, concurring:

I concur, but my understanding of the issue differs slightly from that of my colleagues, so I write a separate statement. The majority views the case solely from the standpoint of the California statute. The dispositive question, though, is the operation of the Federal Tort Claims Act, 28 U.S.C. § 2674. The statute provides that the United States shall be liable in tort "in the same manner and to the same extent as a private individual under like circumstances...." *Id.*

A focus on the federal statute discloses a plausible statutory argument in favor of the appellants. The policy of the Federal Tort Claims Act is to determine government liability in accordance with state law. Where licensing status is expressly incorporated into state tort law as an element of liability, that would seem to require making certain assumptions respecting the regime that would prevail if the enclave were governed not only by California's tort law but also by its liquor licensing scheme. To do otherwise would make liability turn on the fact that the activity occurred on federal property, a result Congress could not have intended when it enacted the Tort Claims Act. Under a generous application of that analysis, we could decide the case on the theory that had the servicemen's club not been located on the naval weapons base, it would have a license, *see* Cal.Bus. & Prof.Code § 23300 (West 1985) (necessity of a license), for only in this way can we assess the liability of the government "in the same manner and the same extent as a private individual under like circumstances." 28 U.S.C. § 2674 (1982).

This analysis is not unlike that undertaken in cases involving unique governmen-

tal functions. There, we seek to determine what liability state law attaches to similar activities undertaken by analogous entities subject to its jurisdiction. *See, e.g., Louie v. United States,* 776 F.2d 819, 825 (9th Cir.1985) (considering the law enforcement function of military police; drawing analogy to the liability of state and municipal entities). In "like circumstances," servicemen's clubs under California's jurisdiction would be required to hold a license, *see* Cal.Bus. & Prof.Code §§ 23425–23437 (West 1985) (providing for club licenses); the only reason the club was not licensed here was because of its federal status, the very fact the Federal Tort Claims Act seeks to make irrelevant.

I must, nevertheless, agree with the result reached by the majority, because the California legislature has displayed a penchant for drafting a narrow statute that requires, as a predicate to dramshop liability, an actual California licensee, not a hypothetical one. The majority is quite correct in citing *Cory v. Shierloh,* 29 Cal.3d 430, 174 Cal.Rptr. 500, 629 P.2d 8 (1981), for this proposition.

Given our decision, it is interesting to speculate what amendment the California legislature could adopt to overturn the result here, particularly if it wants to continue to reject the result in cases such as *Bernhard v. Harrah's Club,* 16 Cal.3d 313, 128 Cal.Rptr. 215, 546 P.2d 719 *cert. denied,* 429 U.S. 859, 97 S.Ct. 159, 50 L.Ed.2d 136 (1976). That is for it to decide, however, and if it chooses to persist in retaining a statute that does not permit courts to apply a sensible rule to events the legislature obviously can not foresee, we cannot extricate it or the injured persons it refuses to compensate.

I am further dissuaded from finding liability under the theory discussed above since it was not advanced by appellants. Appellants' counsel based his argument upon the California statute and said we should bend it to accommodate his clients. That, of course, we cannot do.

The result is unfortunate, but so is the California law. I concur.