967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Craig PAGE; Lynn Page, Plaintiffs-Appellees,
v.
UNITED STATES of America, Third-Party-Defendant-Appellee,
v.
Kermit GREENWOOD; Doris Greenwood,
Defendants-Third-Party-Plaintiffs-Appellants.
 No. 91-35111.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided July 2, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kermit and Doris Greenwood appeal the district court's dismissal for lack of subject matter jurisdiction of their action against the United States seeking declaratory judgment to quiet title to certain real property and damages for conversion. The Greenwoods also appeal the district court's denial of their motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We affirm and impose sanctions.
 
 
 3
 We review de novo the district court's dismissal for lack of subject matter jurisdiction. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We review the district court's denial of a motion for reconsideration for abuse of discretion. McCarthy v. Mayo, 827 F.2d 1310, 1314 (9th Cir.1987).
 
 
 4
 Appellees Craig and Lynn Page filed a complaint against Kermit and Doris Greenwood in Oregon state court seeking to eject the Greenwoods from certain real property and improvements the Pages had purchased from the Internal Revenue Service ("IRS") at a tax foreclosure sale. The property had been held by G.K.D. Properties, Inc., a dummy corporation created to shelter the Greenwoods' income, and was seized by the IRS to satisfy Kermit Greenwood's tax liability. The Greenwoods filed a third-party complaint against the United States seeking declaratory judgment to quiet title and damages for conversion. Pursuant to 28 U.S.C. § 1441(a), the United States filed a notice of removal in the United States District Court for the District of Oregon.
 
 
 5
 The district court granted the United States' motion to dismiss the third-party complaint for lack of subject matter jurisdiction. The district court found that the Declaratory Judgment Act, 28 U.S.C. § 2201, barred the Greenwoods' claim for declaratory relief and that the Greenwoods failed to meet the judicial exception to the Act. See Hughes v. United States, 953 F.2d 531, 536-37 (9th Cir.1992). The district court also found it lacked jurisdiction over the Greenwoods' quiet title claim because the United States did not claim an interest in the property at the time the Greenwoods filed their action. See 28 U.S.C. § 2410; Hughes, 953 F.2d at 538; Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). Finally, the district court found the Federal Torts Claim Act, 28 U.S.C. §§ 2671-2680, barred the Greenwoods' claim for conversion because their claims arose in connection with the assessment and collection of taxes. See Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982). After dismissing the federal issues, the district court remanded the case to state court.
 
 
 6
 * Merits
 
 
 7
 On appeal, the Greenwoods contend that the United States "includes the District of Columbia, and possessions and territories of the United States, but does not include the Fifty Sovereign States nor those who live and work in them...." They contend that as "Members of the Sovereignty State of Oregon" they are "non-taxpayers" and, therefore, not subject to the provisions of the Internal Revenue Code. They also contend the Sixteenth Amendment is unconstitutional.[2] These contentions are without merit.
 
 
 8
 Section 1 of the Internal Revenue Code imposes an income tax on the income of every individual who is a citizen or resident of the United States. 26 U.S.C. § 1. This court has rejected the claim that "the federal income tax laws apply only to residents of federal territories and the District of Columbia" as "patently frivolous." United States v. Nelson (In re Becraft), 885 F.2d 547, 549 (9th Cir.1989). "[T]he Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of ... [an] income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens." Id. at 548 (quotations omitted). Thus, the Greenwoods contention that as members of the state of Oregon they are "non-taxpayers" is wholly without merit. See id. at 549.
 
 II
 Motion for Reconsideration
 
 9
 Following the district court's dismissal of their action, the Greenwoods filed a motion for reconsideration. A party may move for reconsideration under Fed.R.Civ.P. 59(e), which permits the court to alter or amend its judgment. The district court properly denies a motion for reconsideration under Rule 59(e) when the movant presents "no arguments that have not already been raised." Blacklund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). A party also may move for relief from judgment under Fed.R.Civ.P. 60(b). Pursuant to Rule 60(b), the district court may relieve a party from a final judgment or order upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of a judgment.
 
 
 10
 Here, the Greenwoods failed to specify the ground upon which they filed their motion. Nevertheless, we conclude the district court properly denied the reconsideration motion. The Greenwoods' motion for reconsideration raised no new argument.[3] Further, they did not allege a proper basis for Rule 60(b) relief. Therefore, the district court did not abuse its discretion in denying their motion for reconsideration. See id.
 
 III
 Sanctions
 
 11
 The United States requests sanctions of $2,500 against both the Greenwoods and their counsel for bringing this appeal. The Pages also request sanctions on appeal. This court has discretion to impose damages against litigants and their counsel as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Smith v. Commissioner, 800 F.2d 930, 936 (9th Cir.1986). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox v. Commissioner, 848 F.2d at 1009.
 
 
 12
 The Greenwoods' primary contention on appeal is that as "Members of the Sovereignty State of Oregon" they are "non-taxpayers." This argument is wholly without merit. See In re Becraft, 885 F.2d at 549. Accordingly, we impose $1,500 damages as sanctions in favor of the United States and $1,500 damages as sanctions in favor of the Pages. The Greenwoods and their counsel are jointly and severally liable for sanctions. See Maisano v. United States, 908 F.2d 408, 411 (9th Cir.1990) (court awarded $1,500 damages as a sanction against taxpayer who filed a frivolous appeal); Larsen v. Commissioner, 765 F.2d 939, 942 (9th Cir.1985) (taxpayer and his counsel held jointly and severally liable for sanctions where both should have known the appeal was frivolous).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed the federal issues and remanded the action to state court. Dismissal of part of a removed action is appealable if the remainder of the case is remanded to state court. See Gallea v. United States, 779 F.2d 1403, 1404 (9th Cir.1986). Thus, we have jurisdiction to hear the appeal
 
 
 [2]
 The Greenwoods do not raise any other argument on appeal. Any argument not raised on appeal is deemed abandoned. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988). Therefore, this court need not address any other ground for the district court's judgment
 
 
 [3]
 In their opposition to the government's motion to dismiss, the Greenwoods argued that they were not "taxpayers" within the meaning of the Internal Revenue Code. In their motion for reconsideration, the sole argument the Greenwoods presented was that they were not "taxpayers."