974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE of Oregon, Plaintiff-Appellee,
v.
Thomas J. MARTIN, Defendant.
v.
Robert J. WRIGHT, Third-party Plaintiff-Appellant
v.
UNITED STATES of America, et al. Third-party Defendants-Appellees.
 No. 91-35652.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1992.
Decided Sept. 11, 1992.
 
 1
 Appeal from the United States District Court for the District of Oregon; No. CV 90-6251-REJ, Robert E. Jones, District Judge, Presiding.
 
 
 2
 D.Or.
 
 
 3
 AFFIRMED.
 
 
 4
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge and CROCKER,* District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 This case began in state court as an ejectment action brought by the State of Oregon against Thomas J. Martin. Martin brought a third-party action against Robert J. Wright who had leased him the property. Wright then filed a third-party action against the State defendants, the United States of America, Internal Revenue Service, William Van Vactor, and David Burks, alleging that illegal assessment of tax liens caused the improper foreclosure and sale of his property. Van Vactor was legal counsel for Lane County, Oregon where the property was located, and Burks was the Sheriff who conducted the foreclosure sale.
 
 
 7
 This case was properly removed to U.S. District Court because of the alleged claim against the United States of America. [28 U.S.C. § 1442(a)(1); 28 U.S.C. § 1441(c) and 28 U.S.C. § 1331].
 
 
 8
 This court has jurisdiction as the District Court's order constituted a final decision in that it dismissed the claims against the United States, dismissed without prejudice the federal claims against the State defendants, denied Wright's motion to amend his third-party complaint, and remanded the underlying State claims to the state court. Gallea v. United States, 779 F.2d 1403, 1404 (9th Cir.1986).
 
 
 9
 The United States moved for dismissal on the ground that the government had not waived its sovereign immunity, and Wright argued that the Tort Claims Act waived immunity. However, the Tort Claims Act waiver contains an exception for "any claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). Wright also failed to file a claim as required by 28 U.S.C. § 2675, and because Wright's claims against the United States are unrelated to the original ejectment action and third party complaint filed by the State of Oregon and Martin respectively, Wright's complaint against the United States cannot qualify as a third party complaint under Federal Rule of Civil Procedure 14(a) (a defendant may bring in a third party "who is or may be liable to the [defendant] for all or part of the plaintiff's claim against the [defendant]"), or, therefore, the exception in 28 U.S.C. § 2675(a). Wright also argues that his civil rights were violated by the failure of the I.R.S. to remove the tax lien on his property, but 42 U.S.C. § 1983 does not provide a remedy for deprivation of rights by federal officials acting under color of federal law.
 
 
 10
 The district court properly dismissed Wright's claims against the State of Oregon because the Eleventh (11th) Amendment to the U.S. Constitution provides immunity from suits brought in federal courts, and this includes § 1983 actions. Will v. Michigan Dept. of State Police, --- U.S. ----, 109 S.Ct. 2304 (1990).
 
 
 11
 Wright's motion to amend his third-party complaint was denied as the amended complaint only inserted the word "Director" in front of the three departments of the State of Oregon so that the federal claims against the Oregon Department of Transportation, the Oregon Department of Veterans' Affairs, the Oregon Department of Revenue, and the Attorney General of the State of Oregon were properly dismissed without prejudice for lack of subject matter jurisdiction.
 
 
 12
 The district court remanded the state claims back to state court, which it has the power to do.
 
 
 13
 To the extend that Wright claims a refund of taxes, he failed to follow the statutory procedures, and he is not entitled to declaratory relief from taxes. 28 U.S.C. § 2201.
 
 
 14
 We need not reach the remaining contentions Wright raised below because he did not raise them before us, and they are therefore waived. See Wilcox v. C.I.R., 848 F.2d 1007, 1008 n. 1 (9th Cir.1988).
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Myron D. Crocker, Senior United States District Judge, Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3