977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charumati RANA, M.D., Plaintiff-Appellant,
v.
US BANCORP, Successor by merger with Peoples Mortgage
Company, Manager, et al., Defendants,
Richard L. Bauer, Defendant-Appellee.
 No. 91-35946.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 20, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dr. Charumati Rana[1] appeals pro se the district court's dismissal of her action against Richard Bauer, District Director of the Department of Housing and Urban Development, Region X on the ground of sovereign immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Rana and other plaintiffs originally filed this action in state court against Bauer, U.S. Bancorp Mortgage Company (Bancorp), and numerous financial institutions and individuals alleging fraud, conspiracy, misrepresentation, infliction of emotional distress, breach of covenant of good faith and fair dealing, and civil rights violations in connection with Bancorp's foreclosure on certain real property. Bauer removed the action to the federal district court. Bauer then filed a motion to dismiss on the ground that the United States had not waived sovereign immunity for this action. The district court granted the motion to dismiss the action as to Bauer, concluded that no basis for federal subject matter jurisdiction remained, and remanded the action to state court. Rana appeals.
 
 
 4
 Generally, courts of appeals lack jurisdiction to review remand orders. Gallea v. United States, 779 F.2d 1403, 1404 (9th Cir.1986). Nevertheless, when the remand to state court is preceded by a substantive decision on the merits, that final determination is reviewable on appeal. Id. Accordingly, we have jurisdiction to review the district court's dismissal of the action as to federal defendant Bauer prior to remand. See id.
 
 
 5
 The United States, as sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction to hear the suit. United States v. Testan, 424 U.S. 392, 399 (1976). Waiver of sovereign immunity cannot be implied and must be unequivocally expressed. Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir.1985). Thus, no suit may be maintained against the United States unless it is brought in compliance with a specific statute under which the United States has consented to suit. Testan, 424 U.S. at 399. An action against a federal official in his official capacity is an action against the United States and as such is barred by sovereign immunity. Gilbert, 756 F.2d at 1458. Sovereign immunity does not, however, bar an action for damages against a federal official in his individual capacity. Id. In order to bring an action against a government official in his individual capacity, a plaintiff must effect personal service in compliance with Fed.R.Civ.P. 4(d)(1). Johnston v. Horne, 875 F.2d 1415, 1424 (9th Cir.1989).
 
 
 6
 Here, the district court correctly found that Rana's action was against Bauer in his official capacity and therefore was barred by sovereign immunity. See Testan, 424 U.S. at 399; Gilbert, 756 F.2d at 1458. Furthermore, we cannot construe this as an action against Bauer in his individual capacity because Rana concedes that she only served the regional counsel for HUD and never personally served Bauer. See Johnston, 875 F.2d at 1424.
 
 
 7
 On appeal, Rana contends that sovereign immunity for this action is waived under the Federal Torts Claim Act, 28 U.S.C. § 2671 et seq. Rana raises the argument for the first time on appeal. Generally, this court will not consider arguments raised for the first time on appeal. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). Furthermore, Rana has not complied with the statutory prerequisites for bringing a claim under the FTCA. See 28 U.S.C. §§ 2674, 2675. Thus, even if we were to consider this argument, it would not provide a basis for finding a waiver of sovereign immunity. Accordingly, we affirm the district court's dismissal of the action as to Bauer.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Rana's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because only Rana signed the notice of appeal, she is the only party to the appeal. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986) (pro se appellant must sign notice of appeal)