46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ethel DOTSON Plaintiff-Appellant,
v.
PACIFIC GAS & ELECTRIC CO. Defendant
and
U.S. Department of Housing and Urban Development, Defendant-Appellee.
 No. 93-16267.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1994.*
Decided Jan. 10, 1995.
 
 Before: TANG, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In August of 1991, Ethel Dotson, a low-income resident of Richmond, sought funds to repair and rehabilitate her home from the Richmond Housing and Community Development Department. That department administers various funds received from the Department of Housing and Urban Development (HUD) under the Housing and Community Development Act of 1974 (HCDA). Dotson's request was denied. In an attempt to obtain funds, Dotson made subsequent appeals to the Richmond City Council, representatives of HUD, and her congressional representative. Her attempts were all unsuccessful.
 
 
 3
 As a result of these and other events, Dotson filed suit against various defendants in state court. When she amended her complaint to include HUD, the United States removed the action to federal court. After additional rounds of briefing, the district court determined that Dotson had no cause of action against HUD, dismissed HUD as a party, and remanded the case to state court. Dotson appeals the order of dismissal.
 
 
 4
 * HUD points out two potential jurisdictional defects in this appeal. First, appeals from orders remanding removed actions back to state court are expressly barred by the terms of 28 U.S.C. Sec. 1447(d). Second, orders dismissing only one party may run afoul of Federal Rule of Civil Procedure 54.
 
 
 5
 These concerns are misplaced. We have held that a dismissal that precedes a remand order may be reviewed. See Gallea v. United States, 779 F.2d 1403, 1404 (9th Cir.1986) (addressing the Sec. 1447(d) concern). Moreover, the lack of Rule 54(b) certification does not stand as an independent bar to review. Even though the district court dismissed only one defendant, because of the subsequent remand the dismissal was functionally a final order for purposes of 28 U.S.C. Sec. 1291. The district court's dismissal of HUD concluded the federal portion of this litigation. Whatever happens in state court, the dismissal of HUD will not be before the state tribunal. This is the only opportunity for review.
 
 II
 
 6
 There is a split of authority regarding the availability of a private right of action under the HCDA. Compare Latinos Unidos de Chelsea en Accion (LUCHA) v. Secretary of Housing and Urban Development, 799 F.2d 774 (1st Cir.1986) (finding no right of action) with Montgomery Improvement Ass'n v. H.U.D., 645 F.2d 291 (5th Cir.1981) (finding private right of action exists because of Sec. 5309(a) of the Act barring discrimination in the administration of HCDA funds and programs). Although we have not addressed the question, the district court determined that even under the Fifth Circuit Montgomery decision allowing a private right of action, Dotson had failed to state a claim against HUD. The court based this conclusion on the fact that Dotson did not allege discrimination in the administration of funds but only alleged that HUD had failed to effectively respond to her complaints of fraud within the Richmond Housing Authority. We agree with the district court's analysis.
 
 CONCLUSION
 
 7
 For the foregoing reasons, the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3